FILED

JUN 0 8 1999

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DEBRA L. LIVA,                          )
                                        )
            Plaintiff,                  )
                                        )
V.                                      )  CIVIL NO. SA-98-CA-1152-EP
                                        )
INTCO INVESTMENTS OF TEXAS, INC.        )
D/B/A DOMINION COUNTRY CLUB,            )
et al.,                                 )
                                        )
            Defendants.                 )

**ORDER**

On this date came to be considered plaintiff's motion to reconsider the Court's dismissal of Defendant INTCO Investments of Texas, Inc. ("INTCO"), filed May 17, 1999, and Defendant INTCO's response, filed May 28, 1999 in the above-styled and numbered cause. After careful consideration, the Court is of the opinion that the motion should be granted.

## Standard for Dismissal

Motions to dismiss for failure to state a claim are disfavored in the law, and a court will only rarely encounter circumstances which justify granting such a motion. Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 926 (5th Cir. 1988); Clark v. Amoco Prod. Co., 794 F.2d 967, 970 (5th Cir. 1986). A claim should not be dismissed upon such a motion unless it appears to a certainty (1) that no relief can be granted under any set of facts provable in support of its allegations, or (2) that the allegations, accepted as true, do not present a claim upon which relief legally can be obtained. Adolph v. Federal Emergency

/15

Management Agency, 854 F.2d 732, 735 (5th Cir. 1988); United States v. Uvalde Consolidated Independent School District, 625 F.2d 547, 549 (5th Cir. 1980), cert. denied, 451 U.S. 1002 (1981).

## Analysis

In her First Amended Complaint, Plaintiff contends that INTCO discriminated against her on the basis of sex in violation of Title VII. INTCO moves to dismiss Plaintiff's complaint stating that it has never employed Plaintiff and it has never used the d/b/a "Dominion Country Club." Therefore, it states that Plaintiff fails to state a claim upon which relief may be granted against INTCO.

However, plaintiff alleges that she was employed by INTCO. She further alleges that INTCO uses the d/b/a "Dominion Country Club." Therefore, she states a claim upon which relief may be granted against Defendant INTCO.

If Defendant INTCO believes that there is no genuine issue of material fact then it may move for summary judgment against the Plaintiff, and at that time the Court will consider outside evidence provided by the parties.

Accordingly, it is hereby ORDERED that Plaintiff's motion to reconsider is GRANTED and Defendant INTCO is REINSTATED in this lawsuit.

SIGNED and ENTERED this___day of June, 1999.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE